UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY HOPKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:14 CV 2092 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

# OPINION AND ORDER

Anthony Hopkins, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding held at Indiana State Prison. (DE # 1.) In ISP 14-08-0124, a hearing officer found him guilty of Possessing a Controlled Substance and deprived him of 30 days of earned credit time. The charge was initiated on August 12, 2014, when Lieutenant Dustin wrote a conduct report:

> On 8/12/2014 at approx. 130 am during a search of Offender Hopkins #874317 ACH 305, I Lt. Dustin during this search was searching the top of Offender Hopkins [sic] blue cabinet [and] while sifting through all the material on top of the cabinet Officer Peters noticed that an orange ½ by ½ inch paper wrapped in clear cellophane fell to the ground. Officer Peters picked it up for me and handed it to me where I was able to identify the orange object by the N8 letter and number stamped [sic] into the back of the orange paper as Suboxone Sublingual Film 8 mg. The controlled substance was confiscated and sent to IA for testing.

(DE # 9-1.)

1

Lieutenant Dustin also completed a notice-of-confiscation form, describing the confiscated property as a "½ by ½" orange square of Suboxone N8 as indicated on back of drug." (DE # 9-5.) Photographs of the evidence and evidence card were taken. (DE ## 9-3, 9-4, 9-5, 9-6, 9-7, 9-8.)

On the same day, Hopkins was formally notified of the charge and given a copy of the conduct report. (DE # 9-2.) He pleaded not guilty, requested the assistance of a lay advocate, and waived the 24-hour notice requirement. (*Id.*) He did not request any physical evidence, but sought witness statements from offender Mislivecek and Officer Peters. (*Id.*)

> Offender Mislivecek provided a written statement:
>
> On the night of 8-11-14 I, Travis Mislivecek #202849, stopped at cell 305 to ask for some commissary. Inmate Hopkins said he didn't have any at that time, so I told him I'd sell some wraps in order to pay him back and at that time I reached into my pocket and my ½ strip of Suboxin [sic] must have fallen on the floor inside cell 305. This was at 5:30 count time so the CO's [sic] were locking everyone in and I didn't realize I had dropped anything until I was locked in my cell. The controlled substance Inmate Hopkins was written up for belonged to me.

(DE # 9-9.)

> Officer Peters also provided a written statement:
>
> On 8-12-14 at approx. 1:50 am, I officer Peters and Lt. Dustin performed a shakedown of offender Hopkins DOC #874317 cell 305 in [A Cell House]. During the shakedown I witnessed Lt. Dustin knock a small bag containing an orange strip I was not able to identify, onto the floor. I showed the item to Lt. Dustin who then confiscated the item as evidence.

(DE # 9-10.)

2

On August 14, 2014, Hearing Officer Taylor requested test results for the Suboxone strip confiscated. (DE # 9-12.) Officer Parnell informed Taylor, "[t]here is no field test for suboxone strips. Through my training and experience, I can identify suboxone strips." (*Id.*) In addition, Lieutenant Dustin provided the hearing officer with a picture of a Suboxone 8mg Sublingual Film that was downloaded from the internet. (DE # 9-13.)

On August 19, 2014, a hearing was conducted on the charge. (DE # 9-3.) Hopkins waived his previous request for a lay advocate and stated in his defense: "I didn't have it. Never used it. Never seen it. I smoke. I would like a test on that. If it's a drug/narcotic. I don't understand how come they can't test it. I wish could get test stress." (*Id.*) Based on the evidence, including the conduct report, the confiscation slip, the evidence card, the photos of the evidence, the statement from Mislivecek, the statement from Officer Parnell, the photo of a Suboxone strip, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied. (DE # 9-15.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record

to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Hopkins raises two issues in his petition: (1) the substance was not field tested; and (2) there was insufficient evidence to establish he possessed a controlled substance.

First, he argues that the "Suboxone strip" was not tested by a laboratory. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist. (*Id*.) ("Prison officials must have the necessary discretion to keep the hearing within reasonable limits.") and *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."). *See also Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006) and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (Inmates are not entitled to laboratory testing of substances.) Therefore this ground is not a basis for habeas corpus relief.

Next, Mr. Hopkins argues that there was insufficient evidence that the untested substance found in his cell was a controlled substance.[1] He also argues that the substance found was Mislivecek's. In sum, he is arguing that there was insufficient evidence to find him guilty because the untested substance was found on the floor

---

[1] Hopkins also claims that Lieutenant Dustin did not complete a confiscation slip, which causes a problem with the chain of custody. (DE # 1 at 2.) Contrary to his belief, however, Lieutenant Dustin did complete a confiscation slip for the contraband. (DE # 9-5.)

where Mislivecek said he dropped it. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). To satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. *Hill*, 472 U.S. at 455. "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted).

Here, the conduct report is "some evidence" that Hopkins possessed the substance, because the report shows that the substance was found in Hopkins' cell after being knocked off his cabinet. (DE # 9-1.) Though Mislivecek's statement seems to conflict with the conduct report, the hearing officer weighed this conflicting evidence and found the conduct report to be true. It is not this court's job to reassess the credibility of the witnesses nor the weight of the evidence. *Hill*, 472 U.S. at 455

("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.").

So too, there was some evidence that the substance found in Hopkins' cell was a controlled substance. This is true even without a field test being conducted. To start, the substance was hidden on the top of Hopkins' cabinet. Lieutenant Dustin identified the substance as Suboxone 8mg Sublingual Film based on the "N8" stamp on the back of the film. The hearing officer was provided a stock image of Suboxone to corroborate Lieutenant Dustin's conclusion. In addition, Officer Parnell identified the substance as Suboxone based on his training and experience. Thus, there was clearly "some evidence" that the item confiscated from Hopkins' cell was a controlled substance. And, there is no question that Hopkins was not permitted to possess that controlled substance. (DE # 9-14.)

In his reply, Hopkins complains that he was terminated from his employment as a result of being found guilty of possessing a controlled substance. He complains that this is somehow double jeopardy. However, this argument is unavailing, because double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

Date: April 20, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT